IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHARLES D. FRIEDMAN,**
**# 74834-011,**

        Petitioner,

   vs.                                     Case No. 13-00364-DRH

**J.S. WALTON, and**

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Petitioner Charles D. Friedman, currently incarcerated in the United States Penitentiary, Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence.

    Friedman's history of convictions is unusually convoluted. Put succinctly (and risking oversimplification), petitioner Friedman takes issue with how his 24-month term of imprisonment for a supervised release violation in *United States v. Friedman*, Case No. 99-cr-100-JYG (D.UT Mar. 13, 2007 Second Amended Judgment), is being run consecutively, not concurrently, with his sentence for bank robbery in *United States v. Friedman*, Case No. 05-cr-933-DB (D.UT Jul. 28, 2011 Amended Judgment), for which he was initially sentenced to 57 months in prison, but which was increased to a 151-month term upon remand from the Court of Appeals for the Tenth Circuit. Petitioner contends that, pursuant to his original plea agreement in Case No. 99-cr-100-JYG, his original 71-month

sentence was to run concurrently with any other sentence; consequently, the 24-month term imposed for his supervised release should have been treated as a mere extension of his original sentence and should run concurrently with his sentence in Case No. 05-cr-933-DB.  Further complicating matters, after petitioner's original 57-month sentence in Case No. 05-cr-933-DB was vacated and a 151-month term was imposed, that sentence was deemed by the Bureau of Prisons to have commenced anew, unteathered to the sentence on Case No. 99-cr-100-JYG (albeit with credit for time already served on the original sentence), thereby resulting in an incorrect, and presumably longer, aggregate sentence.

As complex as the procedural history may be, the lynchpin of Friedman's legal argument is relatively simplistic.  He contends the Bureau of Prisons is bound by the original plea agreement entered into by the United States Attorney.

Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.

**IT IS THEREFORE ORDERED** that respondent Walton shall answer or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 3, 2013**

Digitally signed by
David R. Herndon
Date: 2013.05.03
11:29:31 -05'00'

**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**