IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES FRIEDMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO. 13-364-CJP[1] |
| ) | |
| J.S. WALTON, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

**PROUD, Magistrate Judge:**

Petitioner Charles Friedman, an inmate in the Federal Bureau of Prisons ("BOP") incarcerated at USP-Marion, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the execution of his federal sentence. For the reasons set forth below, the Petition is denied.

## BACKGROUND

Charles Friedman is a life-long criminal with a particular penchant for robbing banks. *See United States v. Friedman*, 554 F.3d 1301, 1302 n.1 (10th Cir. 2009). He robbed a bank in Arizona in May 1986, and the next month, he robbed another bank in Utah. *Id.* at 1302. He was convicted of both robberies and sentenced to an aggregate term of imprisonment of 23 years. *Id*. at 1303. For the sake of clarity, the Court will refer to these robberies as the "1986 sentence"

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c) (Doc.19).

or "1986 case."

Friedman was released from prison to parole in June 1998. *Id.* Within a short time, Friedman was back to robbing banks. He was indicted in March 1999 in the District of Utah on three counts of bank robbery ("1999 sentence" or "1999 case"). *Id.* He pleaded guilty to one count of the indictment in exchange for the dismissal of the other two counts. *Id.* He was sentenced to 57 months' imprisonment. *United States v. Friedman*, 554 F.3d 1301, 1303 (10th Cir. 2009). Pursuant a plea agreement between Friedman and U.S. Attorney, the sentencing judge ordered Friedman's 1999 sentence to run concurrently with the undischarged term of revocation in the 1986 case to be imposed by the United States Parole Commission. *Id.*

Friedman was released from prison in June 2005 and placed on supervised release. *Id.* Five months later, Friedman robbed yet another bank. *Id.* He was indicted in December 2005 in the District of Utah ("2005 sentence" or "2005 case"). *Id.* Friedman again pled guilty to the indictment, and he was sentenced on March 1, 2007 to 57 months' imprisonment. (Doc. 12-2). That same day, Friedman was also sentenced to 24 months' imprisonment for violating the terms of his supervised release in the 1999 case. (Doc. 12-1). The sentencing judge ordered Friedman to serve the two sentences consecutively (Doc. 12-2; Doc. 12-1).

The Government appealed the 2005 sentence arguing that it was substantively unreasonable for the district court to sentence Friedman to 57 months' imprisonment when the guideline sentencing range was 151–188 months.

*United States v. Friedman*, 554 F.3d 1301 (10th Cir. 2009).  The Court of Appeals for the Tenth Circuit agreed, and remanded the case back to the district court to re-sentence Friedman.  *Id.*  In July 2011, Friedman was re-sentenced to 151 months' imprisonment (Doc. 12-3).  Friedman's amended sentence was affirmed on appeal (Doc. 12-4).

In computing Friedman's sentence, the BOP determined that Friedman's amended sentence of 151-months in the 2005 case was to run consecutive to his sentence of 24-months for violating his supervised release in the 1999 case (*See* Doc. 1-2, pp. 3–4).  Accordingly, the BOP computed that Friedman must serve an aggregate sentence of 175 months, which commenced on March 1, 2007 (Doc. 1-2, p. 4).

After exhausting his administrative remedies, Friedman filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the BOP's decision to run his sentences consecutively (Doc. 4).

## **DISCUSSION**

A federal prisoner's claim that the BOP has erred in calculating his federal sentence is cognizable under 28 U.S.C. § 2241 because the prisoner is ultimately challenging the execution of his sentence.  *Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000).  The district court can grant habeas relief only upon a showing by the prisoner that the execution of his sentence violates federal law or the Constitution.  28 U.S.C. § 2241.

Friedman claims that the BOP is bound by the plea agreement between him and the United States Attorney in the 1999 case (Doc. 1-1). In that plea agreement, the government agreed to recommend that "any sentence imposed on the instant offense be served concurrently with any and all undischarged terms of imprisonment, including the remainder of the undischarged term of imprisonment due to the 1986 bank robberies." (Doc. 1-2). According to Friedman, the plea agreement is still in play because the 24-month sentence he received for violating his supervised release is part and parcel of "any sentence" imposed in the 1999 case (Doc. 1-1). He further claims that the 151-month sentence he received in the 2005 case qualifies as an "undischarged term of imprisonment," and thus the government must recommend that it run concurrently with the 24-month sentence (Doc. 1-1).

The Court is skeptical that the BOP is bound by any plea agreement between Friedman and the U.S. Attorney. And the Court seriously doubts that the language of the plea agreement—"any and all undischarged terms of imprisonment"—contemplated future sentences for crimes which Friedman had not yet committed. However, the Court need not resolve these issues because even assuming that Friedman is correct, he is still not entitled to habeas relief.

The plea agreement did not ensure that Friedman's sentences would run concurrently. Instead, the plea agreement ensured only that the government would *recommend* that Friedman's sentences run concurrently, and Friedman acknowledged that the Court was not obligated to follow the recommendation of the

government concerning sentencing matters (Doc. 1-2, pp. 14–15). The terms of the plea agreement reflect the fact that neither the U.S. Attorney nor the BOP have the authority to determine whether sentences should run concurrently or consecutively. That decision is a judicial function committed by Congress to the discretion of the courts. *See* 18 U.S.C. § 3584. As the Supreme Court explained, "Judges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings . . . ." *Setser v. United States*, 132 S.Ct. 1463, 1468 (2012). "When § 3584(a) specifically addresses decisions about concurrent and consecutive sentences, and makes no mention of the Bureau's role in the process, the implication is that no such role exists." *Id.* at 1470.

Here, the initial judgment in the 2005 case specified that Friedman's 57-month sentence for bank robbery was to run consecutive to the 24-month sentence for violating his supervised release in the 1999 case (Doc. 12-2). Similarly, the judgment in the 1999 case also said that the sentences were to run consecutively (Doc. 12-1). The amended judgment in the 2005 case was silent on the issue (Doc. 12-3), and therefore the law presumes that Friedman's sentences are to run consecutively. 18 U.S.C. § 3584(a). Accordingly, the BOP reads the judgments to mean what they say—Friedman must serve his sentences consecutively.

To the extent that Friedman contends that the judgment is inconsistent with

the judge's intent, that is an argument that the judgment is defective. A judgment open to collateral attack must be revised by the sentencing court under § 2255. Unless and until the District of Utah revises the judgments, the BOP is entitled to implement it according to its terms, as consecutive to other sentences.

## CONCLUSION

Charles Friedman's petition for habeas relief under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. This cause of action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:   February 20, 2014

s/ **Clifford J. Proud**
CLIFFORD J. PROUD
United States Magistrate Judge